[L. A. No. 8894. In Bank.—January 5, 1928.]

FRANK M. KELSEY, Special Administrator, etc., Appellant, v. JARED H. MILLER, Respondent.

Anderson & Anderson and Victor T. Wilkins for Appellant.

Kimball Fletcher, A. P. Thomson, Hunsaker, Britt & Cosgrove, MacDonald & Thompson and LeCompte Davis for Respondent Jared H. Miller.

THE COURT.—This appeal is from a judgment rendered in favor of plaintiff in an accounting action for the sum of $693.10. Plaintiff is the appellant herein.

As special administrator of the estate of Mary Moore Miller, deceased, plaintiff brought an action for an accounting for moneys and property in the superior court of the county of Los Angeles against Jared H. Miller in which he charged him with having fraudulently obtained possession of large sums of moneys and property belonging to said estate and which moneys and property, it is alleged, that the said Jared H. Miller would appropriate and embezzle and that he threatened to remove the same out of the jurisdiction of the court unless restrained by order of the court from so doing. The banking institutions named herein are depositories in which, it is claimed, said Jared H. Miller had on deposit and in safe deposit boxes large sums of money belonging to said estate which he was concealing with the intention of appropriating to his own uses. The total amount of money and property for which an accounting was sought is alleged to be an unknown amount in excess of $200,000. Cecil A. Sheward Miller, wife of Jared H. Miller, was subsequently dismissed from the action. Mary Moore Miller died a resident of the county of Los Angeles, February 17, 1921. On May 4, 1921, her husband, Jared H. Miller, was appointed executor of her will. On April 6, 1922, upon application duly made, his powers as executor were suspended pending the hearing of a proceeding to revoke letters testamentary theretofore issued to him, and Frank M. Kelsey, the appellant herein, was appointed special administrator of said estate.

Upon information and belief plaintiff alleged that Mary Moore Miller was not, prior to May 11, 1918, if at any time, the wife of Jared H. Miller and prior to said year 1918 he claimed to be the husband of Irene Ayers Miller; that he falsely and fraudulently induced said Mary Moore to be-

lieve that he was a single person eligible to contract marriage, when as a fact he was a married man; that believing him to be eligible to contract marriage, the said Mary Moore was fraudulently induced by him to engage in two separate marriage ceremonies with said Jared H. Miller, to wit, on November 20, 1914, and on October 13, 1915, both being celebrated in the state of Tennessee; that she entertained the belief that said Jared H. Miller was legally competent to contract marriage until at least May, 1918; that by reason of such belief and the faith that she had in the validity of said marriage ceremonies she placed in his possession and under his control, as her agent, large sums of money and valuable property.

The period of time for which an accounting is asked extends from 1914 to the date of the filing of the action.

The answer of the defendant Jared H. Miller denies all the allegations of the complaint, and alleges that prior to the Tennessee marriages he stated to the decedent, Mary Moore Miller, all of the facts within his knowledge concerning his status as a married or single man; in addition to alleging the Tennessee marriages the Fresno marriage ceremony performed on May 11, 1918, is alleged. Section 343 of the Code of Civil Procedure is pleaded as a bar as to all moneys or property claimed to have been received by appellant prior to April 8, 1918. It is finally alleged in the answer that each and every item of money and property formerly belonging to said decedent, which came into the hands of appellant directly from her or otherwise, was received by him with her consent and approval and subsequently expended by him with her knowledge; that she at all times consented and directed that each of said items of money or property should be used for any purpose which appellant thought proper and expedient; that from time to time she expressed her approval of the expenditure or use of said money or property; that she never at any time made objection to the expenditure or use of said money or property and that she and the appellant were estopped by the acts and conduct of decedent.

It is admitted that the facts relied upon in the instant case are basically the same facts that were considered by us in the case of *Frank M. Kelsey* v. *Jared H. Miller, ante,* p. 61 [263 Pac. 200]. In fact the instant case should have

been joined with the case last above cited, inasmuch as both involved the same questions of law and rested practically upon the same facts.

The court in the instant case found against the complaint on every allegation of fraud made therein. A number of the findings are on immaterial matters and may be disregarded. The main finding in this case and which supports the judgment is to the effect that Mary Moore Miller deposited in banks or caused to be deposited in banks the moneys in suit in the name of herself and husband as joint tenants, with right of survivorship, and that said Jared H. Miller had the full approval and consent of Mary Moore Miller for the spending of any and all funds belonging to her which were deposited either in his personal bank account or in joint tenancy bank accounts of said Mary Moore Miller and himself. Unquestionably the evidence supports the conclusion in this case that it was the understanding and agreement between Jared H. Miller and Mary Moore Miller that he should handle and control her estate in the same manner that he would have controlled it had it been community property. Either one of the spouses was at at liberty to draw upon and did draw upon the funds which were the separate property of the decedent as their necessities or judgment should dictate. This was in accord with the express wish and will of Mary Moore Miller, as evidenced by her conduct and express words. As she sometimes expressed herself, ''What belongs to one belongs to the other.'' This was her rule during the entire course of her relation with Dr. Miller. The evidence fully sustained the view that she desired Dr. Miller to be the head of the household, with full authority to transact the business of the family and embark in such enterprises as might appeal to his judgment, without restraint from any source. There is no substantial ground upon which an agency or trust relation between the parties may be sustained.

The judgment appealed from is affirmed.